# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

REBECCA J. NANCE,

        Plaintiff,

vs.

FIRST HORIZON HOME LOANS, *et al.,*

        Defendant.

Case No. 2:11-cv-00938-GMN-PAL

**ORDER**

(Request for Stay of Disc. - Dkt. #20)

      Before the court is Defendant First Horizon Home Loans' Motion to Stay Discovery Pending Decision on Motion to Dismiss (Dkt. #20). The court has considered the Motion, Plaintiff's Opposition (Dkt. #21), Defendant's Reply (Dkt. #22) and Plaintiff's Reply to Defendant's Reply (Dkt. #23).

      Defendant seeks a stay of discovery and other proceedings while the district judge decides its pending motion to dismiss. It argues that this is an ordinary dispute between a lender and a borrower. Plaintiff originally filed her complaint in state court alleging that she is the owner of real property in Las Vegas, Nevada. She asserted claims for fraud, breach of duty of good faith and fair dealing, quiet title, breach of fiduciary duty, injunctive relief, suitability [sic], negligence, liability per se, negligent misrepresentation, unfair lending practices, and intentional/negligent infliction of emotional distress against First Horizon and its co-Defendants. First Horizon removed this matter June 9, 2011. Co-Defendant UTLS Default Services filed a consent to removal June 20, 2011. First Horizon filed a motion to dismiss July 13, 2011, in which the co-Defendants joined. The motion to dismiss has been fully briefed and is under submission to the district judge. First Horizon argues that a stay is appropriate because Plaintiff's complaint is frivolous and was filed to force a settlement with the Defendants and/or permit her to continue to reside in the real property that is the subject of this action without meeting her contractual obligations. First Horizon has already incurred extensive attorneys fees

and costs in other actions filed by the Plaintiff involving the same property, and will be forced to incur additional, unnecessary fees and costs if the stay is not imposed.  Conversely, Plaintiff will not be prejudiced if the stay is granted.  She currently resides in, and will continue to reside in, the property involved in this lawsuit while the motion to dismiss is pending, and in fact, will "only reap the additional benefit of staying in the subject property longer as a result of the stay."

Plaintiff opposes the motion arguing the Defendant's motion states misleading facts concerning her efforts to remain in possession of the property.  She argues Defendants have not shown good cause to justify a stay, and disputes that her complaint allegations are frivolous or made merely for settlement value.  She therefore requests that the court deny the Defendant's motion in its entirety.

Defendant replies that Plaintiff's opposition has provided neither facts nor lodged a support of denial of the motion to stay, and reiterates arguments that Plaintiff's complaint is frivolous, and she will not be prejudiced by a stay because she remains in the subject property.  Plaintiff filed a reply to Defendant's Reply (Dkt. #23) which is not authorized by the Federal Rules of Civil Procedure or the Local Rules of Practice.  Thus, although the court read her filing, it will not be summarized here.

Having reviewed and considered the matter, the court will grant a temporary stay of discovery in this action while the motion to dismiss is pending.  Plaintiff does not claim that any discovery is required to oppose the motion since the case is still at the pleading stage, no Defendant has filed an answer, and Plaintiff will not be prejudiced by a temporary stay.  Accordingly,

**IT IS ORDERED** that:

1. Defendant First Horizon's Motion to Stay Discovery Pending a Decision on the Motion to Dismiss (Dkt. #20) is **GRANTED**.
2. In the event the district judge allows Plaintiff's complaint to proceed on any claim, the parties shall meet and confer and conduct a Rule 26(f) conference within fourteen days of decision of the motion to dismiss, and submit a discovery plan and scheduling order which complies with the requirements of LR 26-1(e).

Dated this 9th day of November, 2011.

_____
Peggy A. Leen
United States Magistrate Judge