**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| REBECCA J. NANCE, | ) | Case No.: 2:11-cv-00938-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| FIRST HORIZON HOME LOANS, UTLS DEFAULT SERVICES, LLC & ROES I through X, inclusive | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Defendant First Horizon Home Loans, a division of First Tennessee Bank National Association, successor-in-interest by merger to First Horizon Home Loan Corporation's (erroneously sued as First Horizon Home Loans) ("First Horizon") Motion to Dismiss (ECF No. 10). Plaintiff Rebecca J. Nance filed a Response (ECF No. 16) and First Horizon filed a Reply (ECF No. 18).

Defendant UTLS Default Services, LLC ("UTLS") filed a Joinder (ECF No. 14) to the Motion to Dismiss. Plaintiff filed a Response to the Joinder (ECF No. 17) and UTLS filed a Joinder to First Horizon's Reply (ECF No. 19) as well.

## FACTS AND BACKGROUND

Plaintiff received a loan from First Horizon on March 26, 2007 to purchase real property located at 1032 Baronet Drive, Las Vegas, Nevada 89138. (Compl., ¶¶1–2, 8, ECF No. 1-2) The loan was secured by a Deed of Trust. (*Id.* at ¶8.) MERS is apparently listed on the Deed of Trust as the beneficiary and nominee of the lender. (*Id.* at ¶9.) At some point, Plaintiff alleges, UTLS was substituted as the trustee and recorded a Notice of Default on the property. (*Id.* at 11.) The complaint does not contain any more detail regarding the date the Notice of Default

was issued or whether or not any foreclosure proceedings ever took place.[1]

Plaintiff filed the instant suit on April 20, 2011 in the Eighth Judicial District of Nevada, Clark County. (*See* Pet. for Removal, ECF No. 1.)  Defendants removed the case to this District Court. (*Id.*)  Plaintiff alleges eleven causes of action: (1) fraud, (2) breach of the duty of good faith and fair dealing, (3) quiet title, (4) breach of fiduciary duty, (5) injunctive relief, (6) suitability, (7) negligence, (8) liability per se, (9) negligence misrepresentation, (10) unfair lending practices, (11) intentional or negligent infliction of emotional distress.  Defendants filed the instant motion to dismiss arguing that Plaintiff has failed to state any claims upon which relief can be granted.

## DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell*

---

[1] First Horizon filed a Motion for Judicial Notice (ECF No. 11) requesting the Court to judicially notice the Lis Pendens filed by Plaintiff in state court and the Deed of Trust. First Horizon claims that Ex. B is the Deed of Trust that is recorded on March 27, 2007 as Instrument No. 20070327-0002557 in the Clark County Recorder's Office. Ex. B is a Grant, Bargain, Sale Deed that does not correspond with any of the facts alleged in the Complaint. UTLS filed a Joinder (ECF No. 14) to the Request for Judicial Notice and attached a Substitution of Trustee that was recorded on July 1, 2010 in the Clark County Recorder's Office, Instrument No. 21007010001700. The Substitution of Trustee shows that Chicago Title was the original Trustee and that MERS substituted UTLS as the Trustee on November 17, 2009. (*See* Substitution of Trustee, ECF No. 14–1.)

*Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim.  *Id.*  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*  Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Analysis**

    **1.     Fraud**

To prove a claim for fraud or intentional misrepresentation, the plaintiff must establish

three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance. *Guthrie v. Argent Mort. Co., LLC*, No. 2:11-CV-1811-JCM-PAL, 2011 WL 6140660, at *2 (D.Nev. Dec. 9, 2011)(citing *Nelson v. Heer*, 163 P.3d 420,426 (Nev. 2007)).  A claim of "fraud or mistake" must be alleged "with particularity." Fed. R .Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) ... require[s] [plaintiff] to plead her case with a high degree of meticulousness.").  A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007).

      Plaintiff alleges that Defendants made misrepresentations when the negotiations for the loan took place.  Plaintiff alleges that Defendants offered the loan for one price but then provided the loan for a different price and that Defendants promised that Plaintiff would be able to refinance the loan on a short period of time.  Plaintiff also alleges that Defendants represented that the 5-year adjustable rate mortgage would be the best financial option for her.  These allegations do not include any specific facts as required by Rule 9.  For example, Plaintiff does not state who (or even which Defendant) made the allegedly false statements, when the statements were made or any other context regarding the misrepresentations.  Further Plaintiff generally alleges that "Defendants" made these representations but UTLS doesn't appear to have been involved in the loan negotiations.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff will however be given leave to amend this claim.

      **2.**      **Breach of Duty of Good Faith and Fair Dealing**

      To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege: (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good faith to the plaintiff; (3) the defendants breached that duty by performing in a manner

that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev.1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract. *Consolidated Generator–Nevada v. Cummins Engine*, 971 P.2d 1251, 1256 (Nev.1998).

Plaintiff argues that First Horizon broke this covenant by putting her in a "bad loan with her outstanding credit history." (Response pg. 4, ECF No. 16.) In addition, she contends that "the agreement … required that the Defendants deal fairly and in good faith with Plaintiff and not seek or take advantage of Plaintiff in her weakened bargaining position and with her lesser knowledge, skill, education, and ability regarding a real property loan transaction." (Compl. at ¶32.)

"[T]he implied covenant 'exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.'" *Guthrie*, 2011 WL 6140660, at * 3 (*citing Guz v. Bechtel Nat., Inc.*, 24 Cal.4th 317, 329 (2000)). Plaintiff received the funds to purchase the property. There is no fiduciary duty contained in the contract for Defendants to ensure that Plaintiff was suitable for the loan. The spirit of the agreement was for Plaintiff to receive financing to purchase the real property and pay back the money borrowed. Plaintiff has not alleged how Defendants contravened this spirit of the contract. Accordingly, Plaintiff has failed to state a claim for breaching the implied covenant of good faith and fair dealing.

### 3. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the

record titleholder." *Id.* (citing *Biasi v. Leavitt*, 692 P.2d 1301, 1304 (Nev. 1985). Plaintiff cannot quiet title without discharging debt owed on the property. *See Fuleihan v. Wells Fargo*, 2010 WL 3724186 at *5 (D.Nev.2010) (a borrower cannot quiet title to a property without discharging any debt owed). Plaintiff does not claim that she is current on this mortgage or that she discharged any debt owed.

Plaintiff seems to allege that the Notice of Breach and Election to sell was improper, but she does not allege any facts that would allow this Court to infer if a claim has been stated. Accordingly, this claim is dismissed.

### 4. Breach of Fiduciary Duty

Courts within this district have "repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties." *Chavez v. California Reconveyance Co.*, No. 2:10-cv-00235-RLH-LRL, 2010 WL 2545006, at *4 (citing *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1090 (D.Nev. 2004). Plaintiff alleges that they had more than just a lender and lendee relationship and that the Defendants told her that they had knowledge and experience and that she could trust them. (Compl. at ¶¶44–45.) Without more, these alleged facts do not give rise to a special relationship or exceptional circumstances. Thus Plaintiff cannot show a breach of fiduciary duty.

### 5. Temporary Restraining Order, Permanent Injunction for Wrongful Foreclosure

Although Plaintiff titles this claim for relief a Temporary Restraining Order or Permanent Injunction, Plaintiff's allegations relate to wrongful foreclosure. In Nevada "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the

foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983) (citations omitted).  Although Plaintiff never states that she is in default on her loan payments she likewise never admits that she is current on her payments.  Therefore she has not stated a claim for wrongful foreclosure.

The Court also examines Plaintiff's claims to see if there was a statutorily defective foreclosure.  Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." N.R.S. § 107.020(1).  Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. N.R.S. § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in N.R.S. § 107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. N.R.S. § 107.080(2)(c).  After at least three months have elapsed, the trustee or other person authorized to make the sale under the terms of the deed of trust shall give notice of sale in accordance with the posting requirements for residential foreclosures. N.R.S. § 107.080(4).  A foreclosure sale may be declared void if the trustee or other person authorized to make the sale did not substantially comply with the foreclosure statutes. N.R.S. § 107.080(5).

Plaintiff alleges that the Notice of Default was a "false representation" in that it did not show that either MERS, First Horizon or UTLS were the Beneficiary and entitled to payments.  This allegation does not amount to a claim of a statutorily defective foreclosure.  However, the Court will construe Plaintiff's claims liberally and will allow Plaintiff to amend her Complaint to add a claim for statutorily defective foreclosure if she can allege specific facts that would show she is entitled to relief.

Any request for a Temporary Restraining Order or Preliminary Injunction is denied at this time.  A request for a temporary restraining order or a preliminary injunction is a form of

relief that is granted when a plaintiff demonstrates that (1) he is likely to succeed on the merits, (2) irreparable injury is likely, (3) the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Plaintiff has failed to demonstrate these factors and as such this claim for relief is dismissed.

### 6. Suitability

Plaintiff alleges that Defendants breached their professional obligations to ensure that she would be given a loan that was suitable to her personal financial condition. However, Nevada law does not recognize such "suitability" claims. *See Weingartner v. Chase Home Finance*, LLC, 702 F.Supp.2d 1276, 1290 (D.Nev.2010). Further, Plaintiff has failed to establish that any of the Defendants owed her a special duty. Courts have held that lenders and loan services do not owe a duty of care beyond the traditional role of lender of money. *See Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991).

### 7. Negligence

Plaintiff's negligence claim is essentially another claim of Defendants breaching their fiduciary duty. Plaintiff alleges that "Defendants … owed a duty to Plaintiff to perform their professional services in a [manner] which placed Plaintiff['s] interest[s] above Defendants . . ." (Compl. at 11:9–11.) The Court has already explained that Defendants, as lenders, do not owe a fiduciary duty to Plaintiff, as borrower. Accordingly, this claim is dismissed.

### 8. Liability Per Se

Plaintiff's cause of action of "liability per se" appears to be an attempt to plead negligence per se for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (TILA) or a statutory cause of action for violating TILA.

To state a claim for negligence per se, a plaintiff must allege that: (1) he or she belongs to a class of persons that a statute was intended to protect; (2) the defendant violated the relevant

statute; (3) the plaintiff's injuries are the type against which the statute was intended to protect; (4) the violation was the legal cause of plaintiff's injury; and (5) plaintiff suffered damages. *See Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (1997). Under N.R.S. § 11.190, the relevant statute of limitations for negligence per se is three years. *Torrealba v. Kesmetis*, 178 P.3d 716 (Nev. 2008).

If interpreted as a statutory cause of action for violations of TILA, the suit must be brought within one-year to recover damages or three-years to rescind loan documents. 15 U.S.C. § 1640(e). The cause of action accrues when the loan documents were signed. *See Lynch v. RKS Mortgage, Inc.*, 588 F.Supp.2d 1254, 1259 (E.D.Cal.2008).

Plaintiff admits that she entered into the loan agreement with First Horizon on March 26, 2007. Accordingly, more than three years have passed since any TILA violation or negligence per se occurred and this cause of action is time-barred.

### 9.     Negligent Misrepresentation

A claim for negligent misrepresentation requires the plaintiff to plead: (1) a false representation was made; (2) the representation was made in the course of the defendant's business; (3) the representation was for the guidance of others in their business transactions; (4) the representation was justifiably relied upon; (5) the other party relied on the representation to its detriment; and (6) the defendant failed to exercise reasonable care. *See Weingartner*, 702 F.Supp.2d at 1291. The heightened pleading standards of Rule 9(b) also govern claims for negligent misrepresentation. *Glen Holly Entm't, Inc. v. Tektronix, Inc*., 100 F.Supp.2d 1086, 1093 (C.D.Cal.1999).

Instead of alleging facts regarding Defendants' alleged misrepresentation, Plaintiff's allegations again impose on Defendants a fiduciary duty to "provide accurate, truthful and complete information …" Plaintiff has also left out an essential element of a negligent misrepresentation claim-the false representations. Accordingly, this claim is dismissed.

### 10. Unfair Lending Practices

A cause of action for a violation of Nevada's Unfair Lending Practices Act, N.R.S. § 598D is subject to a three year statute of limitations. N.R.S. § 11.190(3)(a). As previously discussed, Plaintiff entered into this loan in 2007. Accordingly, the three-year statute of limitations has passed and this claim is time barred.

### 11. Intentional Infliction of Emotional Distress/ Negligent Infliction of Emotional Distress

The elements of a cause of action for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev.1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev.1998). Just as with IIED, in order to establish a claim for negligent infliction of emotional distress ("NIED"), "the plaintiff needs to show 'extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.'" *Nevada v. Eighth Judicial Dist. Court ex rel. County of Clark*, 42 P.3d 233, 241 (Nev. 2002) (quoting *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (1995)).

The pleadings do not establish "extreme and outrageous conduct" which is "outside all possible bounds of decency and is utterly intolerable in a civilized community." *Maduike*, 953 P.2d at 26. Thus, Plaintiff's intentional or negligent infliction of emotional distress claims must fail.

### CONCLUSION

**IT IS HEREBY ORDERED** that Defendant First Horizon Home Loans' Motion to Dismiss (ECF No. 10) is **GRANTED in part and DENIED in part**.


Plaintiff's claims for relief 2, 3, 4, 6, 7, 8, 9, 10 and 11 are **DISMISSED with prejudice**.

Plaintiff is **GRANTED** leave to amend her Complaint to properly state a claim of fraud and a statutorily defective foreclosure and reassert her claims for relief.  Plaintiff shall file the amended complaint **not later than March 15, 2012**.  Failure to file an amended complaint by that date will result in dismissal of this lawsuit.

DATED this 21st day of February, 2011.

_____
Gloria M. Navarro
United States District Judge