UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBECCA J. NANCE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FIRST HORIZON HOME LOANS, UTLS DEFAULT SERVICES, LLC & ROES 1 through X, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:11-cv-00938-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion to Strike Response or in the Alternative Dismiss Plaintiff's Amended Response & Opposition to Defendant's Motion to Dismiss (ECF No. 26) filed by Defendant First Horizon Home Loans ("Defendant"). Plaintiff Rebecca J. Nance ("Plaintiff") failed to file a Response.

## I. BACKGROUND

This case arose from Plaintiff's receipt of a loan on March 26, 2007, from Defendant to purchase real property located at 1032 Baronet Drive, Las Vegas, Nevada 89138. (Compl., ¶¶ 1-2, 8, ECF No. 12.) On April 20, 2011, Plaintiff filed suit in the Eighth Judicial District of Nevada, Clark County. (*See* Pet. for Removal, ECF No. 1.) Defendant subsequently removed the case to this Court on June 9, 2011. (*Id.*) In her complaint, Plaintiff alleged eleven causes of action: (1) fraud, (2) breach of the duty of good faith and fair dealing, (3) quiet title, (4) breach of fiduciary duty, (5) injunctive relief, (6) suitability, (7) negligence, (8) liability per se, (9) negligent misrepresentation, (10) unfair lending practices, and (11) intentional or negligent infliction of emotional distress. (Compl., ¶¶ 18-93.)

On July 13, 2011, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Mot. to Dismiss, ECF No. 10.) On February 21, 2012, the Court granted the motion in part and denied the motion in part. (Order, ECF No. 25.) Specifically, the Court dismissed Plaintiff's claims for relief 2, 3, 4, 6, 7, 8, 9, 10 and 11. (*Id.* at 11.) The Court granted Plaintiff leave to amend her Complaint to properly state a claim of fraud and to properly state a statutorily defective foreclosure. (*Id.*) The Court further ordered Plaintiff to file her amended complaint no later than March 15, 2012. (*Id.*)

Thereafter, on March 14, 2012, Plaintiff filed a document styled as an "Amended Response & Opposition to [Defendant's] Motion to Dismiss Plaintiff's Complaint." (Am. Resp., ECF No. 26.) In response, Defendant filed the instant motion seeking to strike the filing. (ECF No. 27.) Alternatively, Defendant requests that the Court construe this filing as an amended complaint and moves this Court to dismiss the amended complaint. (*Id.*) However, Plaintiff failed to respond to Defendant's motion.

## II. DISCUSSION

The Court will construe Plaintiff's March 14, 2012 filing as her amended complaint.[1] Thus, the Court treats Defendant's motion (ECF No. 27) as a Motion to Dismiss the Amended Complaint. For the reasons stated below, Defendant's motion is granted and this case is dismissed with prejudice.

Under LCR 7-2(b) Local Rules of the United States District Court for the District of Nevada, Plaintiff had fourteen days to file points and authorities in response to Defendant's motion. LR 7-2(b). Local Rule 7-2(d) further provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

---

[1] Regardless of how the Court construes Plaintiff's March 14, 2012 filing, this case is ripe for dismissal. Specifically, if the Court chose not to construe the filing as an amended complaint, the case would be dismissed for Plaintiff's failure to file an amended complaint by the March 15 deadline provided in the Court's February 21, 2012 Order. Additionally, Defendant's instant motion would be treated as a motion to strike and could be granted due to Plaintiff's failure to file points and authorities in response to the motion within the fourteen day deadline of Local Rule 7-2(b).

In this case, under Local Rule 7-2(b), Plaintiff should have filed her points and authorities in response to Defendant's motion by April 22, 2012. However, nearly seven months after that deadline, Plaintiff has still failed to file any opposition to Defendant's motion. Thus, in accordance with Local Rule 7-2(d), this failure to file an opposition "constitute[s] a consent to the granting of the motion." Accordingly, Defendant's motion to dismiss is GRANTED. Because this was Plaintiff's second attempt to adequately plead the remaining causes of action, the Court finds that dismissal with prejudice is appropriate.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Or, in the Alternative, Dismiss Plaintiff's Amended Response & Opposition (ECF No. 27) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is DISMISSED with prejudice.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 19th day of November, 2012.

_____
Gloria M. Navarro
United States District Judge